IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Esteban Baron Beltran, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> Pamela Bondi, Attorney General, ) <br> Kristi Noem, Secretary, U.S. Department ) <br> of Homeland Security, ) <br> Department of Homeland Security, ) <br> Todd M. Lyons, Acting Director of ) <br> Immigrant and Customs Enforcement, ) <br> David Easterwood, Acting Director, Saint ) <br> Paul Field Office Immigration and ) <br> Customs Enforcement; and, ) <br> Kelly Leben, Sheriff of Burleigh County, ) <br> ) <br> Respondents. ) | **ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> Case No.: 1:25-cv-258 |

___

Before the Court is the Petitioner's *ex parte* "Emergency Motion for Temporary Restraining Order or Preliminary Injunction" filed on Friday, November 7, 2025. See Doc. No. 3. The Petitioner seeks a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, enjoining the Respondent's from removing the Petitioner from the District of North Dakota, and to either release him or grant him a bond hearing. See Doc. No. 3. For the reasons set forth below, the Court denies the motion for a TRO.

On November 7, 2025, the Petitioner filed a verified complaint against the Respondents asserting claims under 28 U.S.C. § 2241 for a writ of habeas corpus. See Doc. No. 1. The Petitioner contends he has been unlawfully detained by Immigration and Customs Enforcement ("ICE") and denied the right to release on bond.

The Petitioner requests an *ex parte* temporary restraining order pursuant to Rule 65(b) of the

Federal Rules of Civil Procedure, which provides in relevant part as follows:

> **(b) Temporary Restraining Order.**
>
> **(1) *Issuing Without Notice*.** The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Court finds Petitioner's counsel has failed to comply with Rule 65(b)(1)(B) by failing to certify "in writing any efforts made to give notice" to the named Respondents and "the reasons why it should not be required." See Fed. R. Civ. P. 65(b)(1)(B). Under the circumstances, the Court finds that notice to the Respondents and an opportunity for them to respond and be heard is necessary because an *ex parte* TRO is an extraordinary remedy. See Zidon v. Pickrell, 338 F. Supp. 2d 1093, 1094-95 (D.N.D. 2004) ("A temporary restraining order is an extraordinary and drastic remedy to be issued only in exceptional circumstances."). The movant's attorney is required to comply with the minimum requirements of Rule 65(b) before a court may issue a temporary restraining order and has failed to do so. Nevertheless, there are significant legal issues that need to be addressed relating to the request for injunctive relief that require a response from the Government entities.

Accordingly, the Petitioner's motion for a temporary restraining order (Doc. No. 3) is **DENIED** at this stage. The Respondents shall file a response to the Petitioner's motion for a preliminary injunction (Doc. No. 8) within ten (10) days of the date of this order. Thereafter, the Court will conduct a telephone status conference with the parties.

The Court would respectfully request the Respondents specifically address the central

question of the interplay and application of the two immigration statutes at issue, namely 8 U.S.C. §§ 1225 and 1226.  In addition, the Court would request that Respondents inform the Court in writing beforehand of any plan or intention to remove the Petitioner from the District of North Dakota before the status conference is held.

The Clerk of Court is directed to provide a copy of this Order to the U.S. Attorney for the District of North Dakota.

**IT IS SO ORDERED.**

Dated this 10th day of November, 2025.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court