IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Esteban Baron Beltran,<br><br>    Petitioner,<br><br>vs.<br><br>Pamela Bondi, Attorney General;<br>Kristi Noem, Secretary, U.S. Department<br>of Homeland Security;<br>Department of Homeland Security;<br>Todd M. Lyons, Acting Director of<br>Immigration and Customs Enforcement;<br>David Easterwood, Acting Director,<br>Saint Paul Field Office Immigration and<br>Customs Enforcement; and<br>Kelly Leben, Sheriff of Burleigh County,<br><br>    Respondents. | **ORDER FINDING PETITIONER'S MOTION FOR WRIT OF HABEAS CORPUS MOOT**<br><br>Case No.: 1:25-cv-258 |

  Before the Court is Petitioner Esteban Baron Beltran's motion for writ of habeas corpus and motion to expedite. See Doc. Nos. 1 and 5. Beltran is a Mexican citizen who had been placed in Immigration and Customs Enforcement ("ICE") custody facing removal proceedings following a traffic stop on November 3, 2025. On November 6, 2025, Beltran petitioned this Court for habeas corpus relief under 28 U.S.C. § 2241, and on November 7, 2025, moved to expedite processing of the petition. See Doc. Nos. 1 and 5. Additionally, Beltran moved for a preliminary injunction enjoining the Respondents from moving him outside the boundaries of the District of North Dakota, and ordering his release from custody, or alternatively, granting him a bond hearing before an Immigration Judge. See Doc. Nos. 3 and 8.

  On December 5, 2025, this Court issued an Order granting Beltran's preliminary injunction motion to the extent that the Respondents were enjoined from moving Beltran outside the bounds of the District of North Dakota and were required to provide Beltran a bond hearing before an

1

Immigration Judge pursuant to 8 U.S.C. § 1226(a). See Doc. No. 18. Pursuant to that Order, an Immigration Judge conducted a bond hearing on December 11, 2025, and held that Beltran could be released from custody under a bond of $3,000. See Doc. No. 19. On December 12, 2025, Beltran was released from custody after posting bond. Id.

In the parties' joint status update filed on December 16, 2025, the Petitioner stated he believes his habeas petition is still alive despite his release on bond. The Court disagrees. This Court's Order of December 5, 2025, directing that Beltran receive a bond hearing, combined with the Order of the Immigration Judge on December 11, 2025, releasing Beltran from custody, renders the habeas petition moot. This Court has essentially granted the Petitioner all of the relief requested. Therefore, the Court finds that the Petitioner's motion for writ of habeas corpus (Doc. No. 1) is **MOOT**. Consequently, Petitioner's motion for expedited processing of his habeas petition (Doc. No. 5) is also deemed **MOOT**.

**IT IS SO ORDERED**.

Dated this 18th day of December, 2025.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court